IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02460-WDM-CBS

DANA JULIUS,

    Plaintiff,

v.

METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION FOR REMAND

Miller, J.

This matter is before me on a motion for remand filed by Plaintiff on December 6, 2007 (Docket No. 5). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is denied.

### Background

According to the complaint, on September 15, 2002, Plaintiff was driving her father's car when she was in an automobile accident in which she was injured. The vehicle was insured by Defendant under a policy purchased by her father and included uninsured and under-insured ("UIM") motorist coverage and personal injury protection ("PIP"). The other driver, Devon Schwinn, was determined to be at fault for the accident. Plaintiff settled with Mr. Schwinn and an insurance company that covered

either Mr. Schwinn or the vehicle Mr. Schwinn was driving.[1]  Plaintiff's injuries and damages, however, allegedly exceed the policy limits for Mr. Schwinn and the insurance company.  Therefore, Plaintiff seeks to recover from Defendant for her injuries under the UIM and PIP provisions of the insurance policy on the vehicle.

Plaintiff filed her lawsuit in District Court, Boulder County, Colorado on October 29, 2007.  Defendant removed to this Court on November 26, 2007 asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff moved for remand on December 6, 2007 (Docket No. 5).

## Legal Standard

Pursuant to Article III of the Constitution, Congress vested jurisdiction in the federal courts "over controversies between citizens of different states."  *Gadlin v. Sybron Int'l Corp.*, 333 F.3d 797, 799 (10th Cir. 2000).  The diversity statute provides for jurisdiction when the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "Since its enactment, the courts have consistently interpreted [the diversity statute] to require complete diversity . . . ."  *Gadlin*, 333 F.3d at 799.  Complete diversity means that "there is no plaintiff and no defendant who are citizens of the same state."  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  For individuals, "for purposes of diversity jurisdiction . . . state citizenship is the equivalent of domicile."  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  "[A] corporation shall be deemed to be a citizen of any

---

[1] Apparently, the owner of the vehicle was a passenger in the vehicle and Mr. Schwinn was driving at the time of the accident.  It is unclear from the Complaint with whose insurance company Plaintiff settled.

2

State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business" (the "direct action exception" or the "exception"). *Id.*

## Discussion

As a preliminary matter, I address Defendant's argument that Plaintiff's motion for remand should be denied for failure to comply with D.C.COLO.LCivR 7.1(A). Rule 7.1 states:

> A. Duty to Confer. The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter.

D.C.Colo.LCivR 7.1(A). "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Qwest Corp. v. New Access Comm. LLC*, 2004 U.S. Dist. LEXIS 28525, at *15 (D. Colo. Mar. 31, 2004) (quoting *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)). Motions under Federal Rules of Civil Procedure 12 and 56 are expressly exempted from the scope of Rule 7.1(A). However, as I have held with respect to a motion to compel, a motion for remand based on lack of jurisdiction is essentially a motion to dismiss under Rule 12.

3

*See Tolliver v. True*, 2007 WL 2909393, at *2 (D. Colo. Sept. 28, 2007); *Qwest*, 2004 U.S. Dist. LEXIS 28525, at *16. Therefore, compliance with D.C.COLO.LCivR 7.1(A) is not required for a motion for remand. Furthermore, given my independent obligation to determine whether subject matter jurisdiction exists, it is appropriate to address Plaintiff's assertions that this Court lacks subject matter jurisdiction. *See Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006))); *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." (citations omitted)). Therefore, I will address Plaintiff's motion for remand.

Plaintiff asserts two grounds for remand: (1) the direct action exception destroys complete diversity and (2) the notice of removal was defective because it did not state Defendant's state of incorporation or its principal place of business and referred to the "residency" of Plaintiff and Defendant rather than "citizenship." I need only address Plaintiff's first argument, however, as Magistrate Judge Shaffer granted Defendant's Motion to Amend Notice of Removal (Docket No. 9) on February 11, 2008. The amended notice of removal (Docket No. 21) cures the alleged deficiencies in the original notice of removal.

4

With respect to the direct action exception argument, Plaintiff argues that she is directly suing the insurance company and not joining the insured, her father, as a co-defendant and, therefore, Defendant is deemed to be a citizen of the state of which her father is a citizen. She alleges that this destroys complete diversity because her father, like her, is a citizen of Colorado.[2] Defendant responds that the direct action exception only applies in states where the state allows "a plaintiff to forego suing the tortfeasors, and instead to bring a direction action against the insurer." (Resp. at 2 (citing *Butler v. Zurich Am. Ins. Co.*, 184 F.Supp.2d 695, 698 (N.D. Ohio 2002)).) Defendant also argues that district courts in the Tenth Circuit have held that the direct action exception does not apply to actions between an insurer and its insured, citing *Fleming v. Allstate Ins. Co.*, 709 F.Supp. 216, 217 (D. Colo. 1989) and *Master v. Allstate Ins. Co.*, WL 1041702, at *2–3 (D. Colo. Apr. 19, 2006). I agree with Defendant.

Although there is case law from other jurisdictions supporting Plaintiff's position, *see, e.g.*, *Mitchell*, 1991 WL 335255, at *1, I must follow the Tenth Circuit in their interpretation of the statute. The Tenth Circuit addressed the direct action exception in a case where a deceased's parents brought suit against an insurance company under the deceased's UIM policy. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th

---

[2] First, I note that it is undisputed that the amount in controversy exceeds $75,000 as the Complaint notes the UIM policy limit of $250,000 and Defendant asserts in its notice of removal that Plaintiff is seeking the full policy limit less the settlement amount already received. As asserted in the amended notice of removal (Docket No. 21), Plaintiff is a citizen of Colorado and Defendant is a citizen by virtue of both its place of incorporation and its principal place of business. Therefore, without application of the direct action exception, there is complete diversity in this case and jurisdiction is proper.

5

Cir. 1988). *Tuck* held that "'unless a cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.'" *Id.* at 847 (quoting *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 902 (9th Cir. 1982)). Therefore, the Tenth Circuit held that a claim for UIM benefits by an insured against his own insurer was not a direct action and, therefore, not subject to the direct action exception. *Id.*

Two of my colleagues, Judge Daniel and Judge Babcock, have applied *Tuck* and reached similar conclusions.[3] *See Master*, 2006 WL 1041702 (Daniel, J.); *Fleming*, 709 F.Supp.2d 216 (Babcock, J.). In *Master*, Judge Daniel determined that the direct action exception did not apply to a suit by an insured against her insurer for UIM benefits. 2006 WL 1041702, at *2. He noted that direct actions were those that were "'of such a nature that the liability sought to be imposed could be imposed against the insured,'" *id.* (quoting *Tuck*, 859 F.2d at 849), and that the direct action exception "applies to actions in which an injured party is permitted to sue directly the *tortfeasor's* liability insurer, when the tortfeasor himself was not joined as a defendant," *id.* (citing *Gonzales v. Gov't Employees Ins. Group*, 2000 WL 235236, at *4 (E.D. La. 2000)). In *Fleming*, Judge Babcock determined that the *Tuck* rule applied to insureds as well as those "afforded the status of an insured." 709 F.Supp. at *22 (citing *Tuck*, 859 F.2d 842 and *Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574 (11th Cir. 1985)). Therefore, he concluded that the exception did not apply when an injured party sued the at-fault

---

[3] Although I am not bound by the decisions of other district courts, these decisions are often persuasive.

party's insurance company under the "no-fault" or PIP provision of the policy because the such a claim was brought by "parties afforded the status of insureds." *Id.*

In this case, Plaintiff is asserting a claim against the insurer of the vehicle she was driving during the accident and not against the at-fault party or the at-fault party's insurance company. This is not a cause of action that could be "imposed against the insured" because Plaintiff is not suing Defendant for the negligence of one of Defendant's insureds. Indeed, she is suing in her capacity as an insured party by virtue of her presence in the vehicle that was insured at the time of the accident. Therefore, Plaintiff's claim is not a direct action and the exception does not apply. I also note that this case is strikingly similar to *Tuck* in which the Tenth Circuit held that the direct action did not apply to destroy diversity. *See Tuck*, 859 F.2d at 847.

Plaintiff attempts to distinguish the district court cases dealing with the direct action exception. First, she argues that *Master* is distinguishable because the *Masters* plaintiff was the purchaser of the insurance policy while in this case, it was her father who purchased the policy. I do not find this persuasive. Like Judge Babcock in *Fleming*, I conclude that it is the status of the plaintiff that is important in determining if the direct action exception is applicable and not the actual purchaser of the policy. *See Fleming*, 709 F.Supp. at 217 (determining that the exception does not apply "to actions between the insurer and the insured or *one afforded the status of an insured*" (emphasis added)). In this case, Plaintiff, as a passenger in the insured vehicle, is suing the insurance company as an insured party. Second, Plaintiff argues that *Fleming* is distinguishable because it involved a PIP claim rather than a UIM claim.

Although this difference does exist, I am unconvinced that this distinction causes the cases to be so dissimilar that Judge Babcock's reasoning in *Fleming* is irrelevant here. Although Judge Babcock looked to the type of action to decide *Fleming*, he was merely applying the law as determined by *Tuck* to the facts of the case before him.

Finally, I also note that Plaintiff does not provide any argument as to why the reasoning in *Tuck* is inapplicable here. *Tuck* is binding precedent from the Tenth Circuit which I must follow although there is case law from other circuits holding to the contrary. Therefore, pursuant to *Tuck*, I conclude that 28 U.S.C. § 1332(c)(1)'s direct action exception does not act to destroy diversity jurisdiction in this case because this is not a direct action as the claim could not be "imposed against the insured." 859 F.2d at 847.

Accordingly, it is ordered that Plaintiff's Motion For Remand to State Court (Docket No. 5) is denied.

DATED at Denver, Colorado, on April 21, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

8